IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00184-CR

 

Doris Williams,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No.
2

McLennan County, Texas

Trial Court No. 2002-1728

 



MEMORANDUM  Opinion



 

          Doris Williams was charged with failure to identify.  She was
convicted of the offense by a jury, which assessed punishment at thirty-five
days’ confinement and a $700 fine.  In four issues, Williams argues that the
evidence is legally and factually insufficient to support the conviction and
that the trial court erred in failing to grant her motion to dismiss.  Finding
the evidence factually insufficient to show that Williams was detained at the
time she gave the officer a false name, we will reverse the judgment and remand
the cause.

          Williams argues that the evidence is
legally and factually insufficient to support her conviction because the State
failed to prove that she gave a false or fictitious name to a peace officer
while she was under lawful arrest or detention.  We review legal sufficiency by
examining the evidence in the light most favorable to the verdict and
determining whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979).  We review factual sufficiency by considering all of the evidence in a
neutral light to determine whether a jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  The evidence may be factually insufficient either because the
evidence that supports the verdict is too weak to support a beyond a reasonable
doubt guilt finding or because the evidence contrary to guilt is strong enough
that the beyond a reasonable doubt standard “could not have been met.”  Id.

          The essential elements of the offense charged
are: (1) a person, (2) intentionally gives a false or fictitious name,
residence address, or date of birth, (3) to a peace officer, (4) who has
lawfully arrested or lawfully detained her.  Tex.
Pen. Code Ann. § 38.02 (Vernon Supp. 2004-05).  The law further provides
an enhancement to punishment if it is shown at trial that the defendant was a
fugitive from justice at the time of the offense.  Id.

          Williams does not dispute that she
gave the officer a false name.  Williams was not under arrest at the time she
gave the officer the false name.  Thus the issue is whether Williams was
lawfully detained at the time she gave the officer the false name.

          Not every encounter between an officer
and a citizen constitutes a detention because police officers, like anyone
else, may ask questions of their fellow citizens.  Smith v. State, 944
S.W.2d 453, 457 (Tex. App.—Houston [14th Dist.] 1997, pet. ref’d).  For
purposes of constitutional analysis, an investigatory detention is considered a
“seizure” because it involves varying degrees of restraint on the detained
individual’s liberty.  Dean v. State, 938 S.W.2d 764, 768 (Tex.
App.—Houston [14th Dist.] 1997, no pet.).  In either an investigative detention
or an arrest, the seizure of the citizen has not occurred until a reasonable
person would believe he or she was not free to leave, and that person has
yielded to the officer’s show of authority or has been physically forced to
yield.  Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995).

          Williams was outside her house, but on
her property, when she was approached by Officer Myers.  Myers asked Williams
for her name and date of birth.  Williams identified herself as Dolores
Baldwin.  Myers then walked back to his car and checked the information with
the dispatcher.  Suspecting that Williams had not given him her real name, Myers
called a municipal judge who was familiar with Williams.  The judge arrived and
identified Williams.  Myers then arrested Williams.

          Myers testified that he approached
Williams because he had been informed that there was a warrant for her arrest. 
Myers testified that he informed Williams that he was investigating a warrant,
but his testimony is inconclusive on the issue of whether he informed Williams
of the warrant before she gave him the false name.  On direct examination, Myers
testified that “I pulled into the driveway and got out of my patrol car and
identified myself and asked her what her name was.”  Under cross-examination,
he testified that “I told her that I – that there was a warrant, and I needed
to find out who she was.  So I asked her her name and date of birth.”  However,
when asked if he explained to Williams why he was talking to her after
she gave him the name, Myers responded “yes.”  Williams testified that Myers
did not tell her why he was asking for her name before she gave the fictitious
name.

          Myers’s testimony was also
inconsistent regarding the point at which, in his mind, Williams was detained. 
On direct examination, he testified that she was detained “[w]hen she gave me
the wrong name and I believed it was still her” and that she was detained
“[a]fter she gave me that name. . . .”  On redirect, however, the officer
testified that she was detained when he approached her to investigate who she
was.

          The issue, however, is not the
officer’s subjective belief as to whether the defendant was detained, but
whether a reasonable person would, under the circumstances, believe that they
were not free to leave and whether the defendant actually yielded to the
officer’s show of authority.  See California v. Hodari,
499 U.S. 621, 628, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991); Smith,
944 S.W.2d at 457.  The State argues that Williams acquiesced to the detention
by remaining where she was until the judge arrived to identify her.  However,
the relevant issue is not whether she was detained after she gave the false
name, but whether she was detained at the time she gave it.

The evidence viewed in the light most favorable
to the verdict shows that the officer arrived at Williams’s residence and
parked his vehicle in her driveway.  He then approached Williams, who was
standing on her own property.  He identified himself, informed her that he
believed she was a person for whom there was an outstanding warrant, and asked
her for her name and date of birth.  She then gave him a false name.  Considering
all of the evidence in the light most favorable to the verdict, we cannot say
that a rational jury could not have found beyond a reasonable doubt that a
reasonable person would believe she was not free to leave and that Williams had
yielded to the officer’s show of authority.

          Considering the evidence in a neutral
light, however, we find that the evidence is too weak to support a finding
beyond a reasonable doubt that Williams had yielded to the officer’s show of
authority or had been physically forced to yield at the time she gave the
officer a false name.  We cannot determine from the officer’s testimony whether
he informed Williams that he was conducting an investigation prior to her
giving the false name.  There is no evidence that he informed Williams that she
was being detained or that she was not free to leave.  There is no evidence
that she made an attempt to leave and was prevented from doing so.  There is no
evidence that Williams was physically restrained or had acquiesced to any
instructions from the officer.

          The evidence is factually insufficient
to support a finding beyond a reasonable doubt that Williams was detained at
the time she gave the officer a false name.  Because of our determination of
this issue, we need not consider Williams’s other issues.

CONCLUSION

          We reverse the judgment and remand the
cause to the trial court for proceedings consistent with this opinion.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting)

Reversed
and remanded

Opinion
delivered and filed September 21, 2005

Do
not publish 

[CR25]