

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00057-CR

MARCUS LESLIE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 13-F-1027-005

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Justice Carter

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

A jury convicted Marcus Leslie of unlawful possession of a firearm by a felon. After finding that Leslie was previously convicted of two felony offenses, the jury assessed a fifty-year term of imprisonment. The trial court's judgment of conviction sentenced Leslie in accordance with the jury's verdict, but added, sua sponte, a deadly weapon finding.

In his first point of error on appeal, Leslie argues that the State's habitual offender enhancement allegation "was defective because it failed to allege that the second felony occurred after the first felony conviction became final." Because we find this point meritless, we overrule it. In his second point, Leslie argues that the evidence is insufficient to support the deadly weapon finding. The State concedes this point of error, and we likewise conclude that the deadly weapon finding was erroneous. Accordingly, we modify the trial court's judgment to delete the deadly weapon finding and affirm the trial court's judgment, as modified.

## I.     The State's Notice of Intent to Seek Enhanced Punishment Alleged that the Second Felony Occurred After the First Felony Conviction Became Final

Leslie's punishment was enhanced pursuant to Section 12.42(d) of the Texas Penal Code, which provides:

> if it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015). In its second notice of intent to seek enhanced punishment, the State alleged that, prior to the commission of the underlying offense,

2

MARCUS LESLIE, was finally convicted of a felony offense, namely, RESIDENTIAL BURGLARY, in cause No. CR-2005-30 in the Circuit Court of Miller County, Arkansas, on or about February 10, 2005; and after the aforementioned felony conviction was final, the defendant was finally convicted of the felony offense of THEFT OF PROPERTY, in cause No. CR-2006-197 in the Circuit Court of Miller County, Arkansas, on or about January 9, 2007.[1]

On appeal, Leslie argues that this notice failed to allege that the second felony occurred subsequent to the first felony conviction becoming final.[2] We disagree.

"It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). Indeed, a prior conviction used as an enhancement need only be pled "in some form." *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

Here, the State's notice specifically alleged that the first conviction became final on or about February 10, 2005. Although the State did not set forth the date that the second offense was committed in the body of the notice itself, the State's notice attached the judgment and commitment order from the second conviction, which specified that the date of the second offense was September 13, 2005. Thus, the State's notice, taken with the attachments, provided notice that the second offense was committed on September 13, 2005, which was a date subsequent to the first alleged felony conviction—the February 10, 2005, conviction—becoming final.

---

[1]Leslie did not contest that he was previously convicted of burglary of a residence and of theft of property.

[2]Leslie moved to quash the State's notice of intent to seek enhanced punishment and argued that the notice of intent failed "to show that the offenses were committed and became final in the proper sequence."

3

Accordingly, we find Leslie's complaint that "the State did not allege that the second felony occurred after the first felony conviction became final" meritless, and we overrule Leslie's first point of error.

## II.     The Deadly Weapon Finding Was Erroneous

In his second point of error, Leslie argues that the evidence is insufficient to support the trial court's deadly weapon finding.[3]  We agree.

The Texas Code of Criminal Procedure "authorizes a deadly weapon finding upon sufficient evidence that a defendant 'used or exhibited' a deadly weapon during the commission of or flight from a felony offense." *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (quoting TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2)).  "To hold evidence legally sufficient to sustain a deadly weapon finding, the evidence must demonstrate that . . . the deadly weapon was used or exhibited 'during the transaction from which' the felony conviction was obtained . . . and . . . that other people were put in actual danger."  *Id.* (citations omitted).

The mere possession of a firearm does not establish use or exhibition sufficient to support a deadly weapon finding.  *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992) (holding deadly weapon finding inappropriate where underlying offense was possession of prohibited weapon).    The    Texas    Court    of    Criminal    Appeals    has    explained    that "in order to 'use' a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct

---

[3]"A deadly weapon is anything that 'in the manner of its use or intended use is capable of causing death or serious bodily injury.'" *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (quoting TEX. PENAL CODE ANN. § 1.07(a)(17)(B)).

from 'mere' possession." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2)); *see Plummer v. State*, 410 S.W.3d 855, 860 (Tex. Crim. App. 2013); *Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995); *Smith v. State*, 944 S.W.2d 453, 455–56 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). Where, as here, the weapon was not "used" in furtherance of any collateral felony, the deadly weapon finding is not supported by sufficient evidence. *See Narron*, 835 S.W.2d at 644.[4]

The State concedes, correctly, that the evidence is insufficient to support the trial court's deadly weapon finding. "If the court of appeals properly determines that the state failed to show that a defendant used a deadly weapon in the commission of an offense, that court may delete the deadly weapon finding." *Drichas*, 175 S.W.3d at 798. Accordingly, we delete the deadly weapon finding from the trial court's judgment and affirm the judgment, as modified.

Jack Carter
Justice

Date Submitted: November 25, 2015
Date Decided: December 3, 2015

Do Not Publish

---

[4]Leslie was also charged with theft of a firearm. However, after hearing evidence that the firearm might have been borrowed, the jury acquitted Leslie of that charge. Consequently, there was no collateral offense to support the deadly weapon finding. We also note the absence of evidence demonstrating that anyone was placed in actual danger.