

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00092-CR

ALEX HERNANDEZ ORONA, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7246, Honorable Stuart Messer, Presiding

July 30, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A two-count indictment charged Appellant, Alex Hernandez Orona with aggravated assault against a public servant (count 1) and evading arrest in a vehicle (count 2). A jury convicted Appellant of both offenses and, with enhancement, assessed punishment at 60 years for the assault and 25 years for evading arrest, to be served concurrently. Both judgments included a deadly weapon finding. Appellant raises four complaints: (1) incomplete reporter's record; (2) denial of due process due to deficiencies in the reporter's record; (3) violation of protection against double jeopardy; and (4) unconstitutionally

disproportionate sentence. We overrule Appellant's issues and affirm the trial court's judgment.

**Background**

On July 7, 2022, Carson County Deputy Sheriff Matt Wadsworth was on patrol and clocked a Chevrolet Tahoe driven by Appellant at 99 miles per hour in a 75 miles per hour speed zone. A chase ensued. Appellant eventually slowed to a stop on the shoulder of U.S. Highway 60 before turning sharply and proceeding the wrong direction on the four-lane highway. With Wadsworth in pursuit, Appellant then drove down a county road and onto private ranch property. Wadsworth's patrol car was unsuitable for off-road pursuit, but Sheriff Tam Terry picked up Wadsworth and they continued the chase, joined by Deputy Sheriff Lonny Lienenweaver.

Lienenweaver testified that Appellant drove through a fence and collided with his patrol vehicle. After Lienenweaver's vehicle pushed the Tahoe backward, Appellant struck Lienenweaver's vehicle a second time. Chief Deputy J.C. Blackburn then arrived on the scene and fired at Appellant's tires without success.

Appellant continued southbound on Highway 207 toward Panhandle, Texas, with Blackburn and Lienenweaver in pursuit. Captain Terry Richardson joined the chase. Eventually, Richardson used his vehicle to strike the Tahoe, causing it to leave the roadway and enter a ditch. Appellant fled on foot but was apprehended by Wadsworth and Blackburn after attempting to draw a knife. Lienenweaver took a female passenger from Appellant's vehicle into custody. The chase lasted approximately 30 minutes; much of it was captured on video and admitted into evidence during the trial.

2

**Analysis**

**First Issue: Record Deficiencies**

In his first issue, Appellant argues that the reporter's record is deficient[1] for three reasons: because (1) there was no transcription of the voir dire involving the parties' questioning of the venire or the trial court reading the jury's verdict on count 1; (2) a separate volume of exhibits containing video and documentary evidence was omitted; and (3) Sheriff Terry's name is listed as a State's witness in the table of contents for the punishment phase although he did not testify. Appellant contends these errors collectively undermine the record's accuracy, warranting a remand for a new trial.

The court reporter at trial has died, and the current official court reporter has informed the court that she cannot locate the notes of voir dire from her predecessor. Under TEX. R. APP. P. 34.6(f), an appellant is entitled to a new trial if: (1) the appellant timely requested the reporter's record; (2) a significant portion of the record has been lost or destroyed without the appellant's fault; (3) the lost portion is necessary to resolve the appeal; and (4) the lost portion cannot be replaced by agreement of the parties. The relevant inquiry in this appeal is the third element: if the lost portion is unnecessary to the appeal, the loss is harmless, and a new trial is not required. *Issac v. State,* 989 S.W.2d 754, 757 (Tex. Crim. App. 1999); *Tyler v. State,* No. 05-05-01378-CR, 2008 Tex. App.

---

[1] Appellant contends in his first issue that the reporter's record is deficient and fails to provide sufficient evidence to support his convictions. However, his brief discusses the record deficiencies without analyzing which elements of the offenses were insufficiently established by the testimonial and documentary evidence. Our review of the entire record, viewed in the light most favorable to the verdict, concludes that a rational trier of fact could have found the essential elements of the offenses charged in counts 1 and 2 of the indictment beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

LEXIS 5211, at *6–7 (Tex. App.—Dallas July 15, 2008, pet. ref'd) (mem. op., not designated for publication). It is Appellant's burden to show harm to obtain a new trial. *See Gaston v. State,* 63 S.W.3d 893, 899 (Tex. App.—Dallas 2001, no pet.); TEX. R. APP. P. 34.6(f)(3).

Appellant makes no specific complaint of error at voir dire but notes the *possibility* of appealable issues arising. Assuming that Appellant satisfied the other elements, his speculative concerns about possible voir dire error do not demonstrate that the lost portion is necessary for the appeal's resolution.[2] We therefore conclude that Appellant has not shown that the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution.

Regarding the allegedly missing exhibits, we note that the clerk's record contains the video exhibits and a flash drive containing these exhibits was filed with this Court. And, although Sheriff Terry's name appears in the table of contents for the punishment phase, it is clear from a comprehensive review of the proceedings that he did not testify during that phase.

We conclude that the record defects identified by Appellant did not affect his substantial rights and are therefore disregarded.[3] *See* TEX. R. APP. P. 44.2(b). Even under a constitutional harm analysis, we can say from the other evidence beyond a

---

[2] Although the trial court's reading of the jury's guilty verdict on count 1 is missing from the reporter's record, the jury's finding of guilt is reiterated during its sentencing verdict. It recites, "We, the jury, having found [Appellant] guilty of the felony offense of aggravated assault against a public servant as alleged in count 1 of the indictment . . . ." Thus, the jury's guilty finding is present in the record.

[3] Non-constitutional error "must be disregarded unless it affects the defendant's substantial rights," meaning the error had a substantial and injurious effect or influence on the jury's verdict. *Paredes-Malagon v. State,* No. 07-22-00016-CR, 2023 Tex. App. LEXIS 228, at *7 (Tex. App.—Amarillo Jan. 12, 2023, no pet.) (mem. op., not designated for publication).

reasonable doubt that the errors did not contribute to Appellant's conviction or punishment or otherwise hinder his appeal. *See* TEX. R. APP. P. 44.2(a). Appellant's first issue is overruled.

## Second Issue: Due Process

Appellant next claims he was denied due process because of the record deficiencies noted in our discussion of the first issue. "[O]nce a State offers to criminal defendants the opportunity to appeal their cases, it must provide a trial transcript to an indigent defendant if the transcript is necessary to a decision on the merits . . . ." *Ake v. Oklahoma,* 470 U.S. 68, 76, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985). An accurate record is essential to satisfy a criminal appellant's right to due process. *Revell v. State,* No. 10-06-00137-CR, 2007 Tex. App. LEXIS 10184, at *2–3 (Tex. App.—Waco Sept. 26, 2007, per curiam order) (not designated for publication). Due process requires the State to provide an indigent appellant with a "record of sufficient completeness" to allow proper consideration of his claims. *Mayer v. City of Chicago,* 404 U.S. 189, 193–94, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971).

However, aside from the claimed insufficiency of the reporter's record, Appellant's other appellate arguments are restricted to claims of a double jeopardy violation and an unconstitutionally excessive sentence. Appellant does not identify any other claims of error he intended to raise on appeal but was prevented from doing so due to a record deficiency. We also conclude the record contains sufficient evidence to support the jury's guilty verdicts on counts 1 and 2. After reviewing the entire evidentiary record and the

issues on appeal, we are convinced that the record relied on by Appellant was sufficiently complete for the presentation of his issues.  Appellant's second issue is overruled.

**Third Issue: Double Jeopardy**

By his third issue, Appellant alleges a violation of the Double Jeopardy Clause of the Fifth Amendment because a motor vehicle was an element of aggravated assault and the basis for the deadly weapon finding on counts 1 and 2.   The Fifth Amendment protection against double jeopardy includes protection from multiple punishments for the same offense.  *Ex parte Milner,* 394 S.W.3d 502, 506 (Tex. Crim. App. 2013).  However, a double jeopardy claim must be preserved by raising the matter "at or before the time the charge [is] submitted to the jury."  *Gonzalez v. State,* 8 S.W.3d 640, 642 (Tex. Crim. App. 2000)*; Kalie v. State,* No. 09-11-00352-CR, 2012 Tex. App. LEXIS 5112, at *7–8 (Tex. App.—Beaumont June 27, 2012, no pet.) (mem. op., not designated for publication). Appellant did not present this error to the trial court at a meaningful time or obtain an adverse ruling.  TEX. R. APP. P. 33.1(a).

There is, however, an exception to the preservation rule.  A double jeopardy claim may be raised for the first time on appeal if: (1) the undisputed facts show the violation is clearly apparent on the face of the record; and (2) enforcing the usual procedural default rules serves no legitimate state interest.  *Scales v. State,* 601 S.W.3d 380, 388–89 (Tex. App.—Amarillo 2020, no pet.) (citing *Ex parte Denton,* 399 S.W.3d 540, 544–45 (Tex. Crim. App. 2013)).  A double jeopardy claim is "apparent on the face of the record" when no additional proceedings are needed to introduce evidence supporting the alleged violation.  *Id*.

We do not find a facial violation of double jeopardy given the facts presented here. The aggravating factor in count 1 was Appellant's use of a deadly weapon (motor vehicle) during the assault. TEX. PENAL CODE ANN. § 22.02(a)(2); s*ee Davis v. State,* No. 05-01-01664-CR, No. 05-01-01666-CR, No. 05-01-01667-CR, No. 05-01-01668-CR, 2002 Tex. App. LEXIS 6872, at *10–11 (Tex. App.—Dallas Sept. 25, 2002, pet. ref'd, untimely filed) (not designated for publication). It is presumed a defendant knows the officer is a public servant if the officer is wearing a distinctive uniform or badge indicating their service as a public servant. TEX. PENAL CODE ANN. § 22.02(c).

In count 2, the use of a vehicle enhanced the offense to a third degree felony. TEX. PENAL CODE ANN. § 38.04(b)(2)(A). Because a deadly weapon finding only affects the amount of the assessed sentence that must be served, double jeopardy does not bar a deadly weapon finding when it is also an element of the offense. *See Lopez v. State*, No. 07-00-00571-CR, 2002 Tex. App. LEXIS 6990, at *13 (Tex. App.—Amarillo Sept. 30, 2002, no pet.) (not designated for publication). An indictment's allegation of a deadly weapon as the aggravating element in an assault is immaterial for making an affirmative deadly weapon finding because the weapon was used to facilitate the felony. *Smith v. State,* 944 S.W.2d 453, 456 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). Appellant's third issue is overruled.

**Fourth Issue: Disproportionality of Sentence, Count 1**

By his fourth issue, Appellant argues that his enhanced sentence of 60 years for aggravated assault of a peace officer, as alleged in count 1 of the indictment, is grossly disproportionate, amounting to cruel and unusual punishment in violation of the Eighth

Amendment. He theorizes that because the conviction does not appear in the reporter's record, "Appellant was sentenced to a crime that he was not convicted of and [in] violation of the protections provided by the 8th Amendment of the United States Constitution." (brackets added).

Appellant provides no authority to support the idea that a sentence within the legislatively authorized range becomes excessive if the jury's verdict is not read in open court. As we noted above, the jury's punishment verdict, which recited Appellant's conviction under count 1, was read in open court. We overrule Appellant's fourth issue.

## Conclusion

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.