**Kenneth Elwood NARRON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 864–91.**

Court of Criminal Appeals of Texas, En Banc.

June 24, 1992.

William H. Cantrell, Weatherford, for appellant.

N.A. Irsfeld, Dist. Atty., Palo Pinto, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was charged by indictment with the offense of possession of a prohibited weapon, alleged to have been committed on or about June 2, 1989. On April 5, 1990 in the 29th Judicial District Court of Palo Pinto County, Texas, appellant was found guilty by a jury. The trial court then assessed punishment at twenty years confinement in the Texas Department of Corrections[1] and a fine of $2,000.00, and entered an affirmative finding of deadly weapon use. The Eleventh Court of Appeals held that the above-described indictment allegation provided sufficient notice and affirmed the conviction and sentence. *Narron v. State,* No. 11–90–162–CR (Tex. App.—Eastland, delivered May 23, 1991). We granted appellant's sole ground for review which complains about the propriety of entry of that affirmative finding.[2]

## I. GROUND FOR REVIEW

Specifically appellant's ground for review states:

> "The court of appeals erred in holding that the trial court properly included in the [j]udgment, an affirmative finding that the defendant "used or exhibited" a deadly weapon, and such holding is in direct conflict with *Grettenberg vs. State,* 790 S.W.2d 613, (Tex.Crim.App. 1990), and *Luken vs. State,* 780 S.W.2d 264 (Tex.Crim.App.1989)."

## II. APPELLANT'S CLAIM

The record reveals that the indictment in the instant cause did not include any specific notice of intent to seek a deadly weapon finding. It merely alleged that appellant "possess[ed] a prohibited weapon, to-wit: a short barrel firearm, to-wit: a Harrington and Richardson Inc. 20 gauge shotgun with a barrel length of less than 16 inches[.]" Appellant appears to make dual claims to

this court: 1) that the indictment, without including any language notifying him of the State's intention to seek a deadly weapon finding, was inadequate to provide the requisite notice of such intent; and 2) that it is improper to make an affirmative finding of use or exhibition of a deadly weapon when possession of the weapon is the gravamen of the felony offense. We will address both claims.

## III. DEADLY WEAPON FINDING NOTICE

It is very well-settled that a defendant is entitled to notice in some form that the State intends to pursue the entry of an affirmative finding of the use or exhibition of a deadly weapon. *Grettenberg v. State,* 790 S.W.2d 613, 614 (Tex.Cr. App.1990). Notice can be sufficiently provided by the language in an indictment that specifically mentions a particular object or substance and its use with respect to death or serious bodily injury. *See Johnson v. State,* 815 S.W.2d 707, 709 (Tex.Cr.App. 1991) (death caused by striking with feet and hands); *Ex parte Brown,* 773 S.W.2d 332, 333 (Tex.Cr.App.1989) (stabbing with a knife with the specific intent to commit the offense of murder); *Gilbert v. State,* 769 S.W.2d 535, 536 (Tex.Cr.App.1989) (causing serious bodily injury by placing the complainant into hot liquid).

This Court has held that a shotgun is a deadly weapon per se for purposes of the trial court entering an affirmative finding of deadly weapon use/exhibition. *Ex parte Franklin,* 757 S.W.2d 778, 783 (Tex.Cr.App.1988). Thus appellant's indictment allegation involving a shotgun, specifically "a Harrington and Richardson Inc. 20 gauge shotgun[,]" did allege a deadly weapon per se.

Because the indictment alleged the felony offense of possession of a prohibited weapon, to-wit: a short barrel firearm/shotgun, appellant was put on notice of the State's intent to seek a deadly weapon affirmative finding.

1. Now known as the Texas Department of Criminal Justice—Institutional Division.

2. In the same proceeding appellant was also tried, convicted, and sentenced for possession of

methamphetamine. Because appellant's complaint involves only the weapon possession case, we shall limit our discussion to such.

## IV. APPLICABILITY OF THE DEADLY WEAPON FINDING

■ This Court has interpreted "use" of a deadly weapon in the context of Article 42.12, § 3g(a)(2), V.A.C.C.P. to include simple possession if such possession facilitates the *associated* felony. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Cr.App.1989). Therefore, in order to "use" a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from "mere" possession. *See* Article 42.12, § 3g(a)(2) and *Patterson, supra.*

■ In *Patterson*, we determined that the weapon was "used" to protect drugs. In the present case, the weapon was not "used" in furtherance of any collateral felony. Because there was no associated felony facilitated by appellant's possession of the short barrel firearm, our holding this day in *Ex parte Petty*, 833 S.W.2d 145 (Tex.Cr.App.1992), dictates that the affirmative finding of the use of a deadly weapon was error.

## V. CONCLUSION

Because the indictment alleged that appellant possessed a short barrel firearm/shotgun, we conclude that appellant was provided sufficient notice that the State intended to seek a deadly weapon affirmative finding. But because there was no associated felony facilitated by appellant's possession of the short barrel firearm, we sustain appellant's ground for review and delete the affirmative finding from the judgment in the instant cause. The judgment, as modified, is hereby affirmed. Copies of this opinion will be sent to the Texas Department of Criminal Justice, Institutional Division and Board of Pardons Division.

WHITE, J., concurs in result.

OVERSTREET, Judge, concurring in part and dissenting in part on Appellant's Petition for Discretionary Review.

It is clear that appellant's sole complaint is as to notice for a deadly weapon affirmative finding and not as to the propriety of a deadly weapon finding when the gravamen of the offense is possession of the same deadly weapon. The majority has decided this case on an issue not raised. I quote from appellant's motion for rehearing before the Eleventh Court of Appeals under argument and authorities:

> The Honorable Court is correct in its contention that a felony weapons charge may be the basis for a finding of use or possession of a deadly weapon after verdict is rendered. Once it is established that the State has elected to proceed with its proof in the matter, the Courts have generally relied on a broad interpretation of "use" and "exhibition." (Citations omitted.)
>
> However, this case rests not with the legal sufficiency of the evidence ..., rather this case, and [a]ppellant[']s argument, rests on the procedural error which allowed the Court to find that [a]ppellant *used* or *exhibited* a deadly weapon. (Emphasis in original.) Neither proper notice, nor a prima facie showing from the indictment in this case exists for a proper finding....

Even if it can be argued that appellant complains of notice and/or propriety of a deadly weapon affirmative finding when the gravamen of the offense is possession of the same deadly weapon, I believe appellant loses on either or both issues. Therefore I will address the propriety of the affirmative finding in a weapons case.

### I.

#### DEADLY WEAPON FINDING NOTICE

It is very well-settled that a defendant is entitled to notice in some form that the State intends to pursue the entry of an affirmative finding of the use or exhibition of a deadly weapon. *Grettenberg v. State*, 790 S.W.2d 613, 614 (Tex.Cr.App.1990). The majority correctly holds that appellant had notice and I concur.

### II.

#### APPLICABILITY OF DEADLY WEAPON FINDING

As for the requirement that the deadly weapon be "used or exhibited in the com-

mission of the offense," we explained in detail the employment of the terms "use" and "exhibit" as such pertains to affirmative findings in *Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Cr.App.1989). We also attempted therein to effectuate the intent of the Legislature. I must conclude now, as this Court did then, that the evolution of Article 42.12, § 3g, V.A.C.C.P., sheds no light on what the Legislature intended either by "use ... of a deadly weapon" or whether such an affirmative deadly weapon finding was intended in offenses where the felony itself is *possession of the prohibited weapon*, as is the case herein. *Id.* at 940.

Based upon the definitions elucidated in *Patterson* above, "use" is more applicable to these facts. "Use," in the deadly weapon affirmative finding context, includes any employment of the weapon, even its simple possession, if such possession facilitates the associated felony. *Id.* at 941. There, this Court basically accepted the following reasoning of the court of appeals, found in *Patterson v. State*, 723 S.W.2d 308, 314–315 (Tex.App.—Austin 1987):

> Because art. 42.12 § 3g(a)(2) excludes no felony from its scope, it appears that the intended meaning of the statutory expression, "used ... during the commission of a felony offense," must be *sufficiently flexible to accommodate any felony offense falling within the purpose of the statute.*
>
> We believe that purpose to be the imposition of a greater detriment, in this instance the denial of probation and the delay of parole eligibility, in order to diminish the danger to human life that could be expected to arise in the circumstances that attend a felony offense when its commission is accompanied by a deadly weapon. [Emphasis in original.]

*Id.* at 941.

### III.

### CONCLUSION

Thus, although the possession itself is the felony offense, the logical extension of the above reasoning leads me to conclude that a deadly weapon finding, by its very nature, is also indicated by the mere possession of same. Therefore I concur in the majority's determination that appellant was put on notice of the State's intent to seek a deadly weapon affirmative finding. However, because there is no prohibition against entering such a deadly weapon finding for an offense in which the possession of the deadly weapon was the gravamen of the offense, I respectfully dissent to the majority's holding to the contrary.