IN THE COURT OF CRIMINAL
APPEALS

                                   OF TEXAS

 

                                                                              

                                                                NO.
AP-75,153



 

 

                                   EX
PARTE PHILLIP LEE HUSKINS, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                        FROM
ELLIS COUNTY



 

 

Johnson, J., delivered the opinion of the Court, in
which Keller, P.J., and Price, Womack, Keasler, Hervey, Holcomb, and
Cochran, JJ., joined.  Meyers,
J., dissented.

 

 

                                                                  O
P I N I O N

 

In 2002, applicant plead guilty to deadly conduct, a
third-degree felony. Tex. Penal Code
' 22.05.  The
trial court deferred adjudication of guilt in accordance with a plea agreement
and placed applicant on community supervision for three years.  In 2004, the state moved for an adjudication
of guilt.  The trial court adjudicated
applicant and orally sentenced him to eight years=
imprisonment in the Texas Department of Criminal JusticeBcorrectional institutions division (TDCJ-CID), but
did not announce a deadly-weapon finding. 
In the written judgment and sentence, however, the trial court included
an affirmative deadly-weapon finding. 








Applicant asserts that the trial court=s entry of an affirmative deadly-weapon finding
violated Tex. Code Crim. Proc.
art. 26.13(a)(2), Tex. Code Crim. Proc.
art. 42.12 '5(b), and his due process rights, thus rendering his
plea involuntary and his sentence illegal. 
Specifically, applicant contends that Tex.
Code Crim. Proc. art. 26.13(a)(2) requires a court to either follow the
existing plea agreement made before the decision to adjudicate guilt or allow
applicant to withdraw his previously entered guilty plea.  This argument must fail.

In Ditto v. State, 988 S.W.2d 236 (Tex. Crim.
App. 1999),[1]
we held that, unlike regular community supervision, A[u]pon violation of the deferred adjudication
probations, the judges have no further obligation to comply with the plea
bargains since the bargains had already been satisfied by the judges= initial sentencing.@ Id.
at 239.  Even if the parties purport to
have a plea bargain as to the sentence to be assessed after adjudication, the
trial court is not bound by the rules that apply to plea bargains at an
original sentencing; Aregardless of whether the deferred adjudication was
part of a plea bargain, recommended by the prosecution, imposed by the trial
court without objection by the appellant, or granted under other circumstances,
once the trial court proceeds to adjudication, it is restricted in the sentence
it imposes only by the relevant statutory limits.@
Von Schounmacher v. State, 5 S.W.3d
221, 223 (Tex. Crim. App. 1999).








 Applicant
also argues that the trial court lacked the authority to enter an affirmative
deadly-weapon finding because the court failed to proceed as if adjudication
had not been deferred pursuant to Tex.
Code Crim. Proc. art. 42.12 '5(b). 
Applicant relies on Ditto. 
As we noted in Ditto, the court of appeals misread Tex.Code Crim. Proc. art. 42.12 '5(b) and based its ruling on A[w]hen a
defendant=s deferred adjudication is revoked,@ rather than the actual words of the statute, A[a]fter
an adjudication . . ..@  (Emphasis
added.)  AOnly after
guilt has been adjudicated do proceedings continue as if there had been no
deferred adjudication.  Accordingly,
section 5(b) does not stand for the proposition that appellants were in a position
to withdraw their pleas after the revocation of their deferred adjudication
probations.@ Id. at 239. (Emphasis in original.)

Finally, applicant claims that his due-process
rights were violated because the addition of the deadly-weapon finding
destroyed his legitimate expectation of serving the sentence announced orally
by the court. 

A deadly-weapon finding may be made if a defendant
used or exhibited a deadly weapon or he was a party to the offense and knew
that a deadly weapon would be used or exhibited. Tex. Code Crim. Proc. art. 42.12 '3g(a)(2). 
This Court has previously held that a defendant is entitled to notice
that the state intends to seek an affirmative deadly-weapon finding.  Narron v. State, 835 S.W.2d 642, 643 (Tex.
Crim. App. 1992).  The language in the
indictment may provide sufficient notice if it alleges use of a deadly weapon. Id.
(citing Johnson v. State, 815 S.W.2d 707, 709 (Tex. Crim. App. 1991)). 








A firearm is a deadly weapon per se.  Tex.
Penal Code ' 1.07(a)(17)(A). 
In the instant case, the indictment stated that applicant Adid then and there knowingly discharge a firearm at
and in the direction of a vehicle, and [he] was then and there reckless as to
whether the vehicle was occupied.@  Based on the
language in the indictment, applicant had sufficient notice that the state
would seek an affirmative finding. 
Furthermore, when applicant plead guilty to deadly conduct before being
placed on deferred adjudication, he confessed that (1) he was the same person
named in the indictment, and (2) that he committed the offense charged in the
indictment.  By properly admonishing
applicant and then accepting his guilty plea to the indictment, the trial court
necessarily determined that applicant used a deadly weapon in the commission of
the offense. Marshall v. State, 860 S.W.2d 142, 143 (Tex. App.BDallas 1993, no pet.).

Nevertheless, applicant asserts, pursuant to Ex
parte Madding, 70 S.W.3d 131 (Tex. Crim. App. 2002), that the inclusion of
the deadly-weapon finding in the written judgment destroyed his legitimate
expectation of serving the sentence announced orally by the court.  According to Tex. Code Crim. Proc. art. 42.03, the sentence shall be
pronounced in the defendant=s presence. 
It is true that, when the oral pronouncement of the sentence and the
written judgment differ, the oral pronouncement controls. Madding, 70
S.W.3d at 135.  Applicant correctly cites
these legal propositions, but he overlooks the fact that the expectation of
having the oral pronouncement match the written judgment applies only to
sentencing issues, such as the term of confinement assessed and whether
multiple sentences will be served concurrently or consecutively.[2]  A deadly-weapon finding, however, is not part
of the sentence. State v. Ross, 953 S.W.2d  748, 751 (Tex. Crim. App. 1997).  While a deadly-weapon finding does affect a
defendant=s eligibility for probation and parole, it does not
alter the range of punishment to which the defendant is subject, or the number
of years assessed.[3]  A deadly-weapon finding may affect how the
sentence is served, but it is not part of the sentence.[4]  Thus, a trial court is not required to orally
announce a deadly-weapon finding at sentencing if the allegation of use of a
deadly weapon is clear from the face of the indictment.  








The trial court properly included an affirmative
deadly-weapon finding in the written judgment. 
Relief is denied.

 

 

En banc

Delivered: November 2, 2005

Publish











[1] Ditto was
a consolidation of two cases, Anthony Ray Ditto and Lemar Ervin, both appealed
to the same court of appeals.





[2] See Madding
at 135; Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App.
1998).  A Asentence@
includes Athat part of the judgment . . . that orders that the
punishment be carried into execution in the manner prescribed by law.@ Tex. Code
Crim. Proc. art. 42.02.  





[3] Tex. Gov=t Code '' 508.145; 508.149; 508.151.





[4] Ross, 953
S.W.2d at 750-51.