NO. 07-06-0492-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 31, 2007



______________________________




EMILIO H. CHAVEZ, JR., PH.D., APPELLANT



V.



JENNY GLOBAL, LTD., APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-536199; HONORABLE RUBEN REYES, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Emilio H. Chavez, Jr., Ph.D., an inmate proceeding pro se and in forma
pauperis, appeals the trial court's order dismissing his suit against Appellee, Jenny Global,
Ltd., for want of prosecution. By his brief, Chavez requests, among other things, that this
Court issue declaratory relief and enforce a Rule 11 agreement. He does not, however,
challenge the trial court's order of dismissal. We affirm.

 According to the limited record, on August 16, 2006, Chavez filed his live pleading
for employment discharge and declaratory relief. He alleged that Jenny Global, Ltd. had
terminated his contract services. He sought damages in the amount of sixty-six trillion,
nine hundred thirty-nine billion, two hundred four million, six hundred thousand dollars
($66,939,204,600,000). Attached to his pleading were some hand-written exhibits,
including Chavez's affidavit and a copy of a settlement agreement between Chavez and
Jenny Global, Ltd. According to Chavez's affidavit, Jenny Global's Board of Directors had
agreed to buy-out Chavez's stocks, bonds, patents, inventions, licenses, agreements, and
royalties for the amount he sought in his pleading. The settlement agreement purports to
bear the signatures of Jenny Global's Board Chairman and Chief Financial Officer (CFO),
as well as Chavez's signature. The clerk's record does not contain an answer from Jenny
Global, Ltd. to Chavez's pleading.

 On December 20, 2006, the trial court signed an order dismissing Chavez's suit for
want of prosecution. The order provides that it was entered pursuant to previous notice
to the parties and that no response was received by the deadline imposed. 

 Chavez does not present an issue on appeal challenging the order of dismissal. 
Instead, he argues that the Rule 11 settlement agreement on file with the trial court should
have been enforced. By his prayer, he requests this Court enforce the agreement and
issue declaratory relief and injunctive relief requiring Jenny Global to comply with the terms
of the agreement, including payment of all costs. Jenny Global did not file a brief. 

 A trial court has authority to dismiss a case for want of prosecution either under Rule
165a of the Texas Rules of Civil Procedure or its inherent power to maintain and control
its docket. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). We
review a trial court's order of dismissal for abuse of discretion. MacGregor v. Rich, 941
S.W.2d 74, 75 (Tex. 1997). Given that Chavez has not challenged the trial court's
discretion in dismissing his appeal, we affirm the order.

 Consequently, the trial court's order is affirmed.


 Patrick A. Pirtle

 Justice

 





;Through four issues, appellant contends that the judgment should be reversed. We
disagree and affirm it.
          Issue One–Purported Hearsay Testimony
          Appellant initially contends that the trial court erred in admitting into evidence the
purported hearsay testimony of witness Kimbrell. The latter testified that he overheard a
prostitute inform appellant that Perez carried on his person a large sum of money. The
witness also disclosed that he heard appellant reply that “we need to get that” and then
saw appellant enter his home to retrieve a “gun.” In overruling appellant’s hearsay
objection, the trial court could have reasonably concluded that the prostitute’s statement
was not offered for the truth of the matter asserted but rather for its effect on appellant. 
This seems especially so given appellant’s eventual reply about needing “to get that.” See
In re Bexar County Crim. Dist. Attorney’s Office, 224 S.W.3d 182, 188-89 (Tex. 2007)
(noting that a statement is not hearsay “if offered for [its] effect on the listener rather than
for the truth of the matter asserted.”). Consequently, the trial court did not abuse its
discretion in overruling the objection, and we overrule the issue.
          Issue Two – Accomplice Witness Instruction
          Next, appellant complains of the trial court’s failure to allude to the aforementioned
prostitute in its accomplice witness instruction. Yet, the woman did not appear and testify
at trial. Thus, there was no need to include her in the instruction. Bingham v. State, 913
S.W.2d 208, 209-13 (Tex. Crim. App. 1995) (holding that art. 38.14 of the Texas Code of
Criminal Procedure encompasses testimony by witnesses made under oath at trial).
          Issue Three–Absence of Limiting Instruction
          Appellant next complains about the absence of a limiting instruction regarding the
confession of House. Such an instruction was not requested of the trial court, and because
it was not, any complaint about its absence cannot be raised on appeal. Tex. R. Evid.
105(a). The issue is overruled.
          Issue Four–Deadly Weapon
          Finally, appellant contends that the trial court erred in including, in its judgment, a
deadly weapon finding. This purportedly was error because 1) he had no notice of the
State’s intent to seek an affirmative finding on the use of a deadly weapon and 2) the jury
did not expressly find that he used a deadly weapon. We overrule the issue.
          Via its indictment, the State charged appellant with causing the death of Perez by
“shooting him with a firearm . . . .” Thereafter, the jury found appellant “guilty of the offense
of Capital Murder, as alleged in the indictment.” (Emphasis added). Those circumstances,
according to the opinion of our Court of Criminal Appeals in LaFleur v. State, 106 S.W.3d
91 (Tex. Crim. App. 2003), were enough to support the trial court’s action. Id. at 95-96. 
Moreover, reference in the indictment to appellant “shooting him with a firearm” was
sufficient notice to appellant of the State’s intent to obtain an affirmative finding on the use
of a deadly weapon. Narron v. State, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992).
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.