NO. 07-08-0016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 6, 2009
_____

ALTON DEGRATE HAWKINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 54TH DISTRICT COURT OF MCLENNAN COUNTY;

NO. 2006-1686-C2; HON. GEORGE ALLEN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Alton Degrate Hawkins (appellant) appeals his conviction for capital murder. The record illustrates that appellant directed two accomplices (House and Johnson) to shoot the victim (Perez). The latter was to be shot as he drove away in his truck with House and Johnson as his passengers. House and Johnson complied with the directive.

Through four issues, appellant contends that the judgment should be reversed. We disagree and affirm it.

*Issue One–Purported Hearsay Testimony*

Appellant initially contends that the trial court erred in admitting into evidence the purported hearsay testimony of witness Kimbrell. The latter testified that he overheard a prostitute inform appellant that Perez carried on his person a large sum of money. The witness also disclosed that he heard appellant reply that "we need to get that" and then saw appellant enter his home to retrieve a "gun." In overruling appellant's hearsay objection, the trial court could have reasonably concluded that the prostitute's statement was not offered for the truth of the matter asserted but rather for its effect on appellant. This seems especially so given appellant's eventual reply about needing "to get that." *See In re Bexar County Crim. Dist. Attorney's Office*, 224 S.W.3d 182, 188-89 (Tex. 2007) (noting that a statement is not hearsay "if offered for [its] effect on the listener rather than for the truth of the matter asserted."). Consequently, the trial court did not abuse its discretion in overruling the objection, and we overrule the issue.

*Issue Two – Accomplice Witness Instruction*

Next, appellant complains of the trial court's failure to allude to the aforementioned prostitute in its accomplice witness instruction. Yet, the woman did not appear and testify at trial. Thus, there was no need to include her in the instruction. *Bingham v. State*, 913 S.W.2d 208, 209-13 (Tex. Crim. App. 1995) (holding that art. 38.14 of the Texas Code of Criminal Procedure encompasses testimony by witnesses made under oath at trial).

*Issue Three–Absence of Limiting Instruction*

Appellant next complains about the absence of a limiting instruction regarding the confession of House. Such an instruction was not requested of the trial court, and because

it was not, any complaint about its absence cannot be raised on appeal. TEX. R. EVID. 105(a). The issue is overruled.

*Issue Four–Deadly Weapon*

Finally, appellant contends that the trial court erred in including, in its judgment, a deadly weapon finding. This purportedly was error because 1) he had no notice of the State's intent to seek an affirmative finding on the use of a deadly weapon and 2) the jury did not expressly find that he used a deadly weapon. We overrule the issue.

Via its indictment, the State charged appellant with causing the death of Perez by "shooting him with a firearm . . . ." Thereafter, the jury found appellant "guilty of the offense of Capital Murder, *as alleged in the indictment*." (Emphasis added). Those circumstances, according to the opinion of our Court of Criminal Appeals in *LaFleur v. State*, 106 S.W.3d 91 (Tex. Crim. App. 2003), were enough to support the trial court's action. *Id.* at 95-96. Moreover, reference in the indictment to appellant "shooting him with a firearm" was sufficient notice to appellant of the State's intent to obtain an affirmative finding on the use of a deadly weapon. *Narron v. State,* 835 S.W.2d 642, 643 (Tex. Crim. App. 1992).

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.

3