ACCEPTED
05-15-00368-cr
FIFTH COURT OF APPEALS
DALLAS, TEXAS
7/2/2015 6:25:34 PM
LISA MATZ
CLERK

## CAUSE NO. 05-15-00368-CR

*IN THE*
*COURT OF APPEALS*
*FIFTH DISTRICT OF TEXAS*
*AT DALLAS*

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

7/2/2015 6:25:34 PM

LISA MATZ
Clerk

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DARLING FRANCISCO CRUZ,
### Appellant

### v.

## THE STATE OF TEXAS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

On Appeal from Criminal District Court
Dallas County, Texas
Trial Court Cause No. F14-15503-H

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## BRIEF OF APPELLANT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No.: 214.870.3440
E-mail: judge.mitchell@gmail.com

ATTORNEY FOR APPELLANT

# IDENTITY OF ATTORNEYS AND PARTIES

This case is an appeal from criminal conviction in Dallas County, Texas. The attorneys and parties of record are:

(1) James Jamison, trial attorney for appellant: 529 West 12th Street, Dallas, Texas 75208

(2) The State at trial: ADA Jay Worley, 133 N. Riverfront Blvd., Dallas, Texas 75207.

(3) On appeal, Appellant Francisco Darling Cruz by and through his attorney of record: Lawrence B. Mitchell, P.O. Box 797632, Dallas, Texas, 75379.

(4) On appeal the State of Texas, by and through Susan Hawk, Criminal District Attorney of Dallas County, Texas or her designated representative, Frank Crowley Courts Building, 133 North Riverfront Blvd., Dallas, Texas 75207.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..............................................................i

TABLE OF CONTENTS...............................................................................ii

INDEX OF AUTHORITIES...........................................................................iii

STATEMENT OF THE CASE.........................................................................2

ISSUE PRESENTED...................................................................................2

*THE COURT OF APPEALS SHOULD REFORM AND MODIFY THE JUDGMENT OF THE DISTRICT COURT DELETING THE DEADLY WEAPON FINDING*

STATEMENT OF FACTS.............................................................................3

SUMMARY OF THE ARGUMENT....................................................................4

ARGUMENT............................................................................................5

PRAYER FOR RELIEF................................................................................7

CERTIFICATE OF WORD-COUNT COMPLIANCE...............................................8

CERTIFICATE OF SERVICE.........................................................................8

# INDEX OF AUTHORITIES

## CASES:

*Drichas v. State*, 175 S.W.3d 795 (Tex. Crim. App. 2005)....................................6

*Ex parte Hopson*, 688 S.W.2d 545 (Tex. Crim. App. 1985)..................................6

*Medina v. State*, 962 S.W.2d 83 (Tex. App. - Houston [1st Dist.]1997)..................6

*Narron v. State*, 835 S.W.2d 642 (Tex. Crim. App.1992)....................................6

*Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).........6

*Turner v. State*, 664 S.W.2d 86 (Tex. Crim. App.1983)......................................6

*Williams v. State*, 970 S.W.2d 566 (Tex. Crim. App. 1998)..................................6

## STATUTES:

### TEXAS PENAL CODE:

TEX. PENAL CODE §29.03 (a) (2)..........................................................................2

### TEXAS GOVERNMENT CODE:

TEX. GOV'T CODE ANN. §508.145 (d) (1)..............................................................6

### TEXAS RULES OF APPELLATE PROCEDURE:

TEX. R. APP. PROC. 9.4 (i) (1)...............................................................................8

TEX. R. APP. PROC. 9.4 (i) (3)...............................................................................8

TEX. R. APP. P. 43.2 (b)........................................................................................6

CAUSE NO. 05-15-00368-CR

*IN THE*

*COURT OF APPEALS*

*FIFTH DISTRICT OF TEXAS*

*AT DALLAS*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FRANCISCO DARLING CRUZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:*

**COMES NOW** FRANCISCO DARLING CRUZ, Appellant herein, and respectfully submits this his brief on appeal from his conviction for the offense of Robbery. Judgment was rendered in Criminal District Court, Dallas, County, Texas, Judge Robert Burns III presiding.

1

# STATEMENT OF THE CASE

Appellant was indicted for the first degree felony offense of Aggravated Robbery in violation of the provisions of **TEX. PENAL CODE §29.03 (a) (2)**. [CR: 12]. In the indictment it was alleged that the offense was committed on November 10, 2013 against the person and property of Rodrigo Soto. The indictment also alleged that appellant used and exhibited a deadly weapon, to wit: a firearm, during the commission of the offense. Appellant was convicted for the included offense of Robbery.

# ISSUE PRESENTED

*THE COURT OF APPEALS SHOULD REFORM AND MODIFY THE JUDGMENT OF THE DISTRICT COURT DELETING THE DEADLY WEAPON FINDING*

## STATEMENT OF FACTS

The Aggravated Robbery indictment returned against appellant alleged the use and exhibition of a deadly weapon, to wit: a firearm. [CR: 12]. However, prior to the entry of his plea of "Guilty," the district court noted that the State had filed a "Motion to Reduce the Offense Charged" to the included offense of Robbery, striking the deadly weapon allegation. [CR: 61; RR2: 4]. Appellant entered his guilty plea to the offense of Robbery. [RR2: 6].

The plea agreement entered into between appellant and the State reflected that he was pleading guilty to the offense of Robbery. [CR: 57]. Appellant's judicial confession was admitted into evidence and it reflected that the deadly weapon allegation had been struck. [CR: 56]. Appellant was found guilty of the offense of Robbery without a deadly weapon finding being entered. [CR: 11 & 65; RR3: 32]. However the judgment erroneously reflects that the district court entered a deadly weapon finding. [CR: 65].

# SUMMARY OF THE ARGUMENT

Appellant was indicted for the offense of Aggravated Robbery which included an allegation that he used and exhibited a deadly weapon. However, appellant pled guilty to the included offense of Robbery without proof that a deadly weapon was used or exhibited. The judgement erroneously reflects that a deadly weapon was used during the commission of the offense. The judgement should be reformed to delete the deadly weapon finding.

# ARGUMENT AND AUTHORITIES

### *THE COURT OF APPEALS SHOULD REFORM AND MODIFY THE JUDGMENT OF THE DISTRICT COURT DELETING THE DEADLY WEAPON FINDING*

Appellant and the State reached a plea bargain agreement that he would plead guilty to the included offense of Robbery, a second degree felony offense. [CR: 57; 61]. Appellant's judicial confession conspicuously has the deadly weapon language stricken. [CR: 56]. The district court acknowledged that appellant was pleading guilty to the offense of Robbery. [RR2: 6]. At the conclusion of the trial, the district court did not make a deadly weapon finding. [RR3: 32]. Since the State's proof (appellant's confession) did not establish the use or exhibition of a deadly weapon and it was clearly the intent of all the parties that no deadly weapon finding be entered, the judgment erroneously reflects a deadly weapon finding.

In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court wrote that where a plea bargain agreement is entered into, it must be enforced either by specific performance or else the defendant must be allowed to withdraw his plea. In the instant cause it is clear that the plea bargain agreement entered between the parties and accepted by the district court provided that there would be no affirmative finding of a deadly weapon, an important issue for appellant since the entry of such a finding would adversely affect his parole eligibility. See

5

**TEX. GOV'T CODE ANN. §508.145 (d) (1)**.

The Court of appeals has statutory authority to reform the judgment herein. See **TEX. R. APP. P. 43.2 (b)**. The right to seek reformation of a judgment by deleting an improper entry of a deadly weapon finding has been universally recognized by the reviewing courts. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) *Williams v. State*, 970 S.W.2d 566, 566 (Tex. Crim. App. 1998); *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App.1992); *Ex parte Hopson*, 688 S.W.2d 545, 548 (Tex. Crim. App. 1985); *Turner v. State*, 664 S.W.2d 86, 90 (Tex. Crim. App.1983); *Medina v. State*, 962 S.W.2d 83, 88 (Tex. App. - Houston [1st Dist.]1997).

In the instant cause appellant entered into a plea bargain agreement that he would be convicted of the included offense of Robbery with no entry of a finding that a deadly weapon was used or exhibited during the commission of the offense. The plea bargain agreement should be enforced. Based upon the record in this cause, this Honorable Court should order that the judgement be reformed deleting the deadly weapon finding.

# PRAYER FOR RELIEF

**WHEREFORE, FOR THE FOREGOING REASONS,** Appellant prays that this Honorable Court order reformation of the judgement deleting the deadly weapon finding.

Respectfully submitted,


/S/ Lawrence B. Mitchell
LAWRENCE B. MITCHELL
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No.: 214.870.3440
E-mail: **judge.mitchell@gmail.com**

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF WORD-COUNT COMPLIANCE**

The undersigned attorney hereby certifies, in compliance with **TEX. R. APP. PROC. 9.4 (i) (3)** that this document contains 862 words, including all contents except for the sections of the brief permitted to be excluded by **TEX. R. APP. PROC. 9.4 (i) (1).**

/s/ Lawrence B. Mitchell
**LAWRENCE B. MITCHELL**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copoy of the foregoing brief is being served on the attorney for the Sate of Texas, Lori Ordiway by e-mail at lori.ordiway@dallascounty.org on this the 2nd day of July, 2015.

/s/ Lawrence B. Mitchell
**LAWRENCE B. MITCHELL**