

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-14-00384-CV
No. 10-14-00385-CV

MARK KEN TAFEL,

                                                            **Appellant**

 v.

THE STATE OF TEXAS,

                                                            **Appellee**

From the County Court
Hamilton County, Texas
Trial Court Nos. 15291 and 15292

## O P I N I O N

Mark Ken Tafel was convicted in two cause numbers of the offense of unlawful carrying of a handgun by a license holder. On December 20, 2013, the trial court imposed sentence for each offense. On December 26, 2013, the State filed motions for forfeiture of the handguns in Tafel's possession at the time of the offenses, and on December 30, 2013, the trial court entered a forfeiture order for each handgun possessed by Tafel. In Cause No. 10-14-00384-CV, the trial court ordered a .22 caliber North American Arms revolver

seized from Tafel to be forfeited to the State of Texas. In Cause No. 10-14-00385-CV, the trial court ordered a .45 caliber Kimber Ultra CDP II seized from Tafel to be forfeited to the State of Texas. Tafel appeals from those orders. We affirm.

## Background Facts

Mark Ken Tafel was a County Commissioner for Hamilton County. Sheriff Gregg Bewley received complaints that Tafel was carrying a concealed handgun to meetings of the Commissioners Court. Sheriff Bewley met with Tafel and discussed those concerns. On April 14, 2011, County Judge Randy Mills issued a letter to Tafel purportedly authorizing Tafel to carry concealed handguns to the meetings. Judge Mills gave a copy of the letter to Tafel; however, Judge Mills did not file the letter in any court in Hamilton County.

On November 14, 2011, Sheriff Bewley attended the meeting of the Commissioners Court and observed a bulge that he believed was a weapon under Tafel's jacket. Sheriff Bewley recovered a .45 caliber handgun and a .22 caliber revolver from Tafel, and he placed Tafel under arrest. After Tafel's convictions for the offense of unlawful carrying of a handgun by a license holder, the trial court entered orders forfeiting the seized .45 caliber handgun and .22 caliber revolver to the State of Texas.

## Sufficiency of the Evidence

In his sole issue on appeal, Tafel argues that there is no evidence that he "used" either handgun as required for forfeiture under Article 18.19 (e) of the Texas Code of Criminal Procedure. Forfeiture proceedings under chapter 18 of the Code of Criminal Procedure are *in rem* proceedings which are civil in nature. *Hardy v. State*, 50 S.W.3d 689,

692 (Tex.App. – Waco, 20001, *aff'd* 102 S.W.3d 123 (Tex. 2003).  As such, they are governed by the rules applicable to civil trials and appeals generally.  *Id*.  A "no evidence" point must be sustained "when the record discloses one of the following situations:  (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact."  *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

Article 18.19 (e) of the Texas Code of Criminal Procedure provides:

> (e) If the person found in possession of a weapon is convicted of an offense involving the use of the weapon, before the 61st day after the date of conviction the court entering judgment of conviction shall order destruction of the weapon, sale at public sale by the law enforcement agency holding the weapon or by an auctioneer licensed under Chapter 1802, Occupations Code, or forfeiture to the state for use by the law enforcement agency holding the weapon or by a county forensic laboratory designated by the court.  If the court entering judgment of conviction does not order the destruction, sale, or forfeiture of the weapon within the period prescribed by this subsection, the law enforcement agency holding the weapon may request an order of destruction, sale, or forfeiture of the weapon from a magistrate.

TEX. CODE CRIM. PRO. ANN. ART. 18.19 (e) (West Supp. 2014).

The Court of Criminal Appeals has considered the definition of "use" as it relates to an affirmative finding that a defendant used or exhibited a deadly weapon in the commission of an offense.  *See Patterson v. State*, 769 S.W.2d 938 (Tex.Cr.App.1989).  In *Patterson*, the Court interpreted "use" to include simple possession of the weapon if such possession facilitates the associated felony.  *Patterson v. State*, 769 S.W.2d at 941.

*In Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992), the defendant was convicted of the offense of possession of a prohibited weapon, and the trial court entered an affirmative finding on the use of a deadly weapon for punishment enhancement purposes. The Court considered whether the defendant "used" the weapon in the context of an affirmative deadly weapon finding. The Court stated that in order to "use" a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from "mere" possession. *Narron v. State*, 835 S.W.2d at 644. The Court concluded that because there was no associated felony facilitated by the defendant's possession of the short barrel firearm, the affirmative finding for use of a deadly weapon was in error. *Id*. Tafel argues that in order to "use" a weapon a "defendant must employ that weapon in some manner that facilitates the commission of a different offense than one prohibiting the mere possession of the weapon."

Article 18.19 of the Texas Code of Criminal Procedure sets out the procedure for disposing of seized weapons. Article 18.19 is applicable to the disposition of "[w]eapons seized in connection with the offense involving the use of a weapon or an offense under Penal Code Chapter 46." TEX. CODE CRIM. PRO. ANN. ART. 18.19 (a) (West Supp. 2014). Chapter 46 of the Texas Penal Code sets out various offenses involving the possession of weapons. Tafel was convicted of the offense of unlawful carrying of a handgun by a license holder under Section 46.035 (c) which states that:

> A license holder commits an offense if the license holder intentionally, knowingly, or recklessly carries a handgun under the authority of

Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed, at any meeting of a governmental entity.

TEX. PENAL CODE ANN. § 46.035 (c) (West Supp. 2014).

We find that "use" of a weapon under Article 18.19 includes simple possession of the weapon as defined in *Patterson*. Because Article 18.19 sets out the procedure to dispose of weapons seized in relation to offenses involving the unlawful possession of those weapons, it does not follow that a separate and distinct offense would be required for forfeiture. Article 18.19 does not require the commission of an offense separate and distinct from those offenses set out in Chapter 46 of the Texas Penal Code. We overrule the sole issue on appeal.

## Conclusion

We affirm the trial court's orders forfeiting a .22 caliber North American Arms revolver and a .45 caliber Kimber Ultra CDP II to the State of Texas.


AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed August 31, 2016
[CV06]

