

**NUMBER 13-17-00202-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

KEVIN PAUL CARTER,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

---

**On appeal from the 377th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Hinojosa
Memorandum Opinion by Justice Contreras**

Appellant Kevin Paul Carter was convicted of driving while intoxicated (DWI), a class B misdemeanor, and manslaughter, a second degree felony. *See* TEX. PENAL CODE ANN. §§ 19.04, 49.04(a) (West, Westlaw through 2017 1st C.S.). The jury sentenced appellant to 180 days in county jail and assessed a $2,000 fine for the DWI count; and after finding habitual felony offender allegations true, it sentenced appellant to seventy-

five years' imprisonment for the manslaughter count. *See id.* § 12.42(d) (West, Westlaw through 2017 1st C.S.). The trial court ordered the sentences to run concurrently. On appeal, appellant contends that the trial court erred by (1) sustaining the State's objection to a question asked of a witness by defense counsel, and (2) including a deadly weapon instruction in the jury charge. We affirm.

## I. BACKGROUND

A Victoria County grand jury indicted appellant on three counts arising from a car accident that occurred on September 23, 2015: intoxication manslaughter, a second degree felony; criminally negligent homicide, a state jail felony; and manslaughter. *See id.* §§ 19.04, 19.05, 49.08(b) (West, Westlaw through 2017 1st C.S.). On March 22, 2017, the State filed notice of its intent to seek a finding that appellant "used or exhibited a deadly weapon, to wit, a motor vehicle" during the commission of the offenses alleged in the indictment. *See id.* § 12.35(c)(1) (West, Westlaw through 2017 1st C.S.). On March 24, 2017, the State filed notice of its intent to prove, for punishment enhancement purposes, that appellant had previously been convicted of three felonies. *See id.* §§ 12.42(d), 12.425 (West, Westlaw through 2017 1st C.S.).

Testimony at trial established that appellant was driving a car in which his fiancée, Debra Ruth Allen, was a passenger. Witnesses stated that appellant's car was going sixty to seventy miles per hour in a forty-miles-per-hour zone when it struck a tree, causing Allen to suffer fatal injuries.

J.J. Houlton, a senior patrol officer with the Victoria Police Department, testified that he responded to the scene. On cross-examination, when defense counsel asked Houlton what appellant told him about how the accident occurred, Houlton replied: "He

2

had told me he was coming from his boss's house off of Laurent and him and his wife were arguing inside of the car and she was grabbing at his arm, jerking at his arm." On re-direct examination, Houlton confirmed that appellant "[s]aid they were fighting while he was driving home. He stated that she was yelling at him and tugging on his arm, causing him to swerve from lane to lane."

The State also called Mark Hayden, another Victoria Police Department officer, as a witness. Hayden testified that he is a crash investigator with the department's Traffic Safety Unit and that he responded to the scene. He stated that he observed tire marks leading from the back and front wheels of the vehicle that crashed, and that the passenger of the vehicle was deceased at the time he arrived on scene. On re-cross-examination, the following colloquy occurred:

> Q. [Defense counsel]   Just for the record, you were not there when Mr. Carter told Officer J.J. Houlton that his wife [sic] grabbed his arm and jerked it across?
>
> [Prosecutor]:   I'm going to object to improper impeachment.
>
> [Defense counsel]:   I just asked him if he was there, Judge.
>
> [Prosecutor]:   And The Rule's been invoked, you can't ask him about another person's testimony.
>
> THE COURT:   Sustained.

Defense counsel then passed the witness and Hayden was excused.

At the charge conference following the close of evidence, defense counsel made the following objection:

> The State [sic] would object to the inclusion of the deadly weapon finding on the basis that we did not receive either timely notice or sufficient notice in that the notice we received was on March 22nd, the same day as we announced ready for trial and the trial commenced. In addition, the notice doesn't specify which definition of a deadly weapon that the State is intending to go under, therefore it could have been any one of the three.

3

The trial court overruled the objection.

The jury was instructed on the offenses of intoxication manslaughter, DWI as a lesser-included offense of intoxication manslaughter, and ordinary manslaughter. The charge defined "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." In the application paragraph concerning manslaughter, the jury was instructed as follows:

> If you find the defendant "GUILTY" of the offense of MANSLAUGHTER you will then consider whether you further find beyond a reasonable doubt that the defendant used or exhibited a deadly weapon, to wit: a motor vehicle, during the commission of the offense. If you find beyond a reasonable doubt that the defendant did use or exhibit a motor vehicle as a deadly weapon during the commission of the offense, you will so state in your verdict, but if you do not so find or if you have a reasonable doubt thereof you will state that the defendant did not use or exhibit a deadly weapon during the commission of the offense.

The jury found appellant guilty of DWI and manslaughter, and it further found that appellant had used or exhibited a deadly weapon in the commission of the latter offense. This appeal followed.

## II. DISCUSSION

By his first issue, appellant contends that the trial court committed reversible error by sustaining the State's objections to defense counsel's question asking Hayden whether he was "there" when appellant told Houlton that Allen "grabbed his arm and jerked it across." We review evidentiary rulings for abuse of discretion. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012). We will not disturb the trial court's decision as long as it was within the "zone of reasonable disagreement." *Id.*[1]

---

[1] The prosecutor objected to defense counsel's question on two grounds—"improper impeachment" and violation of "The Rule," i.e., the rule of witness sequestration under Texas Rule of Evidence 614—and the trial court did not specify which grounds were sustained. On appeal, the State contends that the trial court did not err in sustaining its objection because defense counsel's question was (1) irrelevant and (2)

Appellant complains that the trial court improperly prevented Hayden from answering defense counsel's question, but there is nothing in the record indicating what Hayden's answer would have been, had he been permitted to answer. To preserve error regarding excluded evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. TEX. R. EVID. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009); *Kamanga v. State*, 502 S.W.3d 871, 879 (Tex. App.—Fort Worth 2016, pet. ref'd). An offer of proof may be in question-and-answer form or in the form of a concise statement by counsel. *Holmes*, 323 S.W.3d at 168. If the substance of the evidence does not otherwise appear in the record, a party must file a formal bill of exception in order to preserve the issue for appeal. *See* TEX. R. APP. P. 33.2. Here, no offer of proof was made, no bill of exception was filed, and there is no other indication in the record as to how Hayden would have answered defense counsel's question. Accordingly, the issue has not been preserved,

---

unduly cumulative and likely to cause undue delay. *See* TEX. R. EVID. 402, 403. The State notes that appellate courts must uphold the ruling of the trial court "if it is correct under any 'theory of law applicable to the case,' even if the trial court did not rely on that theory in making its ruling." *State v. Copeland*, 501 S.W.3d 610, 612–13 (Tex. Crim. App. 2016) (quoting *Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim. App. 1988)). But a "theory of law" is "applicable to the case" only if the theory was "presented at trial in such a manner that the appellant was fairly called upon to present evidence on the issue." *Id.* at 613. The Texas Court of Criminal Appeals has explained:

> If the alternative legal theory that an appellee proffers for the first time on appeal as a basis to affirm a trial court's otherwise faulty judgment turns upon the production of predicate facts by the appellant that he was never fairly called upon to adduce during the course of the proceedings below, then application of the *Calloway* rule to affirm that otherwise faulty judgment works a manifest injustice. An appellee's alternative legal theory should not be considered "law applicable to the case" under these circumstances, and this is so regardless of whether the appellee was the defendant or the State at the trial court level.

*State v. Esparza*, 413 S.W.3d 81, 90 (Tex. Crim. App. 2013). Because of our conclusion herein that appellant failed to preserve the issue for appeal, we need not decide whether the State's "alternative legal theories" under rules of evidence 402 and 403, raised for the first time on appeal, are "applicable to the case." *See* TEX. R. APP. P. 47.1.

and we overrule it for that reason.  *See id.*; TEX. R. EVID. 103(a)(2); *Holmes*, 323 S.W.3d at 168; *Kamanga*, 502 S.W.3d at 879.

By his second issue, appellant contends that the trial court erred by including the deadly weapon charge instruction "for the reasons cited by defense counsel in his objection" and "because appellant had no intent during the offense to use his motor vehicle as a deadly weapon or to kill or injure" Allen with the vehicle.  We review alleged charge error for abuse of discretion.  *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

At trial, defense counsel argued that the deadly weapon instruction should not be included because the State's notice of its intent to seek such a finding (1) was untimely, (2) was insufficient, and (3) "doesn't specify which definition of a deadly weapon that the State is intending to go under."  On appeal, appellant does not cite any authority establishing that the State must file notice of its intent to seek a deadly weapon finding, nor does he cite any authority indicating when such notice must be filed, how specific the notice must be, or whether the notice must specify "which definition of a deadly weapon that the State is intending to go under."[2]  Therefore, to the extent appellant attempts to rely on the arguments made to the trial court as to the deadly weapon instruction, the issue is inadequately briefed.  *See* TEX. R. APP. P. 38.1(i).[3]

---

[2] "Deadly weapon" is defined in the penal code as "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."  TEX. PENAL CODE ANN. § 1.07(17) (West, Westlaw through 2017 1st C.S.).

[3] We note that the record does not support appellant's contention that the notice was untimely filed or insufficiently detailed.  The notice was filed five days before jury selection began and it clearly identified the alleged deadly weapon.  *See Narron v. State*, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992) ("[A] defendant is entitled to notice in some form that the State intends to pursue the entry of an affirmative finding of the use or exhibition of a deadly weapon.  Notice can be sufficiently provided by the language in an indictment that specifically mentions a particular object or substance and its use with respect to death or serious bodily injury."); *Nolasco v. State*, 970 S.W.2d 194, 197 (Tex. App.—Dallas 1998, no pet.) (finding

6

As noted, appellant further argues by his second issue that he "never intended to kill or injure her, himself, or anyone else with the car." However, the State was not required to prove that appellant harbored an intent to kill or injure, because that is not an element of any of the offenses charged to the jury. *See* TEX. PENAL CODE ANN. §§ 19.04 (manslaughter), 49.04(a) (DWI), 49.08 (intoxication manslaughter). Moreover, appellant does not explain, and we are unable to discern, how this argument relates to the issue of whether a deadly weapon instruction should have been included in the jury charge.[4] We overrule appellant's second issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of April, 2018.

---

notice given "a few hours before trial began" was timely).

[4] Appellant argues in his second issue that "had [he] been able to present testimony at guilt/innocence that [Allen] grabbed his arm and jerked it, causing him to lose control of the vehicle, drive it erratically off the road, and crash into a tree, thus causing her death, then a deadly weapon instruction to his jury would be improper." We note that the jury did, in fact, hear Houlton's testimony that appellant said Allen was "grabbing at his arm, jerking at his arm," "tugging on his arm" and "causing him to swerve from lane to lane." In any event, we have already overruled appellant's first issue, and appellant does not argue that the evidence, taken as a whole, was insufficient to support the jury's finding that he used or exhibited a deadly weapon.