

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00051-CR
No. 07-23-00052-CR

DALTON BRYCE MASSIE-WEAVER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court Nos. CR15062 & CR14611, Honorable Bryan T. Bufkin, Presiding

June 22, 2023

## CONCURRING OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

I concur in the result but would add in response to the issue raised by appellant concerning the sufficiency of the evidence. In his brief, appellant contends that the evidence was insufficient to support a deadly weapon finding because it showed only that he merely possessed a deadly weapon. *See Ex parte Petty*, 833 S.W.2d 145, 145–46 (Tex. Crim. App. 1992) (en banc); *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992) (en banc) (per curiam).

Indeed, the Court of Criminal Appeals has explained that "in order to 'use' a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from 'mere' possession." *Narron*, 835 S.W.2d at 644. More recently, that court added that a deadly weapon finding requires only "some facilitation connection between the weapon and" the associated felony. *See Plummer v. State*, 410 S.W.3d 855, 865 (Tex. Crim. App. 2020).

Here, the record shows that, both at the time of appellant's removal from his cell as well as several times during appellant's incarceration, appellant issued threats of violence against several correctional officers, including, among many other things, threatening to stab them in their necks with a shank. Such evidence demonstrates more than mere possession of the deadly weapon. *See Herring v. State*, 202 S.W.3d 764, 766 (Tex. Crim. App. 2006) (concluding that the appellant's admission that he possessed the knife, coupled with his threat to kill and his taking of the money, was sufficient evidence of "use").

Here, based on appellant's specific and continuous threats of violence against the jail staff and reference to a shank, the record shows more than mere possession of a deadly weapon. Based on this evidence and analysis, I would find the evidence sufficient to support the trial court's entry of a deadly weapon finding. I respectfully concur in the result.

Brian Quinn
Chief Justice

Do not publish.