**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00166-CR**
_____

**KENNETH GEORGE BRODERICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 443rd District Court**
**Ellis County, Texas**
**Trial Cause No. 48939CR**

**MEMORANDUM OPINION**

Kenneth George Broderick was indicted for the third-degree felony offense of

unlawful possession of a firearm by a felon. Tex. Penal Code Ann. § 46.04.[1] The

indictment contained seven enhancement paragraphs. Broderick pleaded not guilty.

After a jury trial, the jury found Broderick guilty. In the punishment phase of trial,

---

[1]This case was transferred from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001.

1

Broderick pleaded "not true" to the enhancement allegations. The jury found two or more of the enhancement paragraphs to be "true" and assessed punishment at twenty-five years' confinement.

Broderick complains of three issues on appeal. First, Broderick complains that the evidence is insufficient to support the trial court's affirmative finding of a deadly weapon. Second, Broderick complains that the trial court improperly instructed the jury regarding parole eligibility in the punishment charge. Last, Broderick complains that there is insufficient evidence to support the jury's finding that two of the enhancement paragraphs are true. For the reasons discussed below, we affirm the trial court's judgment as modified herein.

## Background

Broderick was tried in a single trial for two indictments – unlawful possession of a firearm by a felon and aggravated assault with a deadly weapon.[2] In the present case, the indictment contained seven enhancement paragraphs, which alleged as follows:

**PUNISHMENT ENHANCEMENTS**

It is further presented that on or about May 5, 1983, and prior to the commission of the aforesaid offense, hereinafter referred to as "the principal offense," the defendant was finally convicted in Criminal Action No. F-8103651-U, in the 291st Judicial District Court of Dallas

---

[2]The jury found Broderick guilty of aggravated assault with a deadly weapon and he appeals that decision. Broderick's appeal of the aggravated assault with a deadly weapon charge is docketed as No. 09-24-00167-CR.

County, Texas, of the first-degree felony offense of burglary of a habitation.

It is further presented that prior to the commission of the principal offense but after the conviction in Criminal Action No. F-8103651-U had become final, the defendant committed and on or about March 24, 1987, was finally convicted in Criminal Action No. F-8694247-N, in the 195th Judicial District Court of Dallas County, Texas, of the third-degree felony offense of theft of property.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U and F-8694247-N had become final, the defendant committed and on or about January 5, 1989, was finally convicted in Criminal Action No. F-8868929-L, in the Criminal District Court No. 5 of Dallas County, Texas, of the second-degree felony offense of burglary of a building.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, and F-8868929-L had become final, the defendant committed and on or about September 25, 1990, was finally convicted in Criminal Action No. F-8881264-S, in the 282nd Judicial District Court of Dallas County, Texas, of the third-degree felony offense of forgery.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, and F-8868929-L had become final, the defendant committed and on or about September 25, 1990, was finally convicted in Criminal Action No. F-8985781-M, in the 194th Judicial District Court of Dallas County, Texas, of the third-degree felony offense of theft of property.

It is further presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, and F-8868929-L had become final, the defendant committed and on or about September 25, 1990, was finally convicted in Criminal Action No. F-9033099-M, in the 194th Judicial District Court of Dallas County, Texas, of the third-degree felony offense of theft of property.

Finally, it is presented that prior to the commission of the principal offense but after the convictions in Criminal Action Nos. F-8103651-U, F-8694247-N, F-8868929-L, F-8881264-S, F-8985781-M, and F-9033099-M had become final, the defendant committed and on or about June 28, 2007, was finally convicted in Criminal Action No. 1119379, in the 176th Judicial District Court of Harris County, Texas, of the third-degree felony offense of theft of property.

At the punishment phase of the trial, Broderick pleaded "not true" to all seven enhancement allegations in the indictment.

Following the entry of Broderick's pleas, the State introduced Exhibits 97, 98, 99, 100, 101, 102, 103, 104, 105, and 106, which contained documents evidencing the seven prior convictions alleged in the enhancement paragraphs. These exhibits were admitted into evidence.

State's Exhibit 97 contains a certified copy of the judgment and conviction in cause number F81-3651-PK, which shows that Broderick committed the first-degree felony offense of burglary of a habitation on March 12, 1981, and was sentenced to prison for seven years on June 19, 1981 but that the sentence was suspended and he was placed on probation for a period of seven years. State's Exhibit 97 also contains an order revoking probation which shows that Broderick's probation was revoked, his conviction became final on May 5, 1983, and he received a term of five years in prison.

State's Exhibit 98 contained a certified copy of the judgment of conviction in cause number F86-94247-LN, which shows that Broderick committed the third-

4

degree felony offense of theft on November 1, 1986, and was sentenced to two years in prison on March 24, 1987. State's Exhibit 98 also contained a certified copy of the judgment of conviction in cause number 189890D which shows that Broderick committed the felony offense of burglary of a building on April 8, 1982, and was sentenced to five years in prison on May 25, 1983.

State's Exhibit 99 contained a certified copy of the judgment of conviction in cause number F88-68929-UL, which shows that Broderick committed the second-degree felony offense of burglary of a building on August 2, 1988, and was sentenced to ten years in prison on January 4, 1989.

State's Exhibit 100 contained a certified copy of the judgment of conviction in cause number F88-81264-M, which shows that Broderick committed the third-degree felony offense of forgery on March 19, 1988, and was sentenced to ten years in prison on September 25, 1990. State's Exhibit 100 also contained a certified copy of the judgment of conviction in cause number F89-85781-M, which shows that Broderick committed the third-degree felony offense of theft on July 23, 1989, and was sentenced to twenty-five years in prison on September 25, 1990. State's Exhibit 100 further contained a certified copy of the judgment of conviction in cause number F90-33099-M, which shows that Broderick committed the third-degree felony offense of theft on July 19, 1990, and was sentenced to ten years in prison on September 25, 1990. Furthermore, State's Exhibit 100 contained a certified copy of

the judgment of conviction in cause number 1119379, which shows that Broderick committed the third-degree felony offense of theft on June 2, 2007, and was sentenced to three years in prison on June 28, 2007.

State's Exhibit 101 contains a certified copy of the judgment of conviction in cause number 380-80493-01, which shows Broderick committed the state jail felony offense of theft on December 13, 2000, and was sentenced to twenty months in prison on September 10, 2001.

State's Exhibit 102 contains a certified copy of the judgment of conviction in cause number 137829901010, which shows Broderick committed the state jail felony offense of theft on February 12, 2013, and was sentenced to six months in state jail on August 22, 2013.

State's Exhibit 103 contains a certified copy of the judgment of conviction in cause number F-1459729-M, which shows Broderick committed the state jail felony offense of theft on October 27, 2014, and was sentenced to five months in state jail on January 20, 2015.

State's Exhibit 104 contains a certified copy of the judgment of conviction in cause number F-1659947-S, which shows Broderick committed the state jail felony offense of theft on November 26, 2016, and was sentenced to sixty days in the county jail on December 21, 2016.

State's Exhibit 105 contains a certified copy of the judgment of conviction in cause number 157142401010, which shows Broderick committed the state jail felony offense of unauthorized use of a vehicle on November 20, 2017, and was sentenced to six months in state jail on June 14, 2018.

State's Exhibit 106 contains a certified copy of the judgment of conviction in cause number 160659001010, which shows Broderick committed the state jail felony offense of unauthorized use of a vehicle on September 26, 2018, and was sentenced to one hundred eighty days in state jail on March 25, 2019.

The trial court's charge to the jury included an instruction that Broderick pleaded "Not True" to the seven enhancements the State alleged in the indictment. It further instructed the jury that they "must be unanimous as to which allegations in the Enhancement Notice you find 'True' beyond a reasonable doubt, if any." The charge further instructed the jury:

> You are instructed that if you find beyond a reasonable doubt that two or more of the allegations of the Enhancement Notice are "True," you will so state in your verdicts and conclude your deliberations in this cause, and assess the punishment of the Defendant as confinement in the Texas Department of Criminal Justice for twenty-five (25) years to ninety-nine (99) years, or Life, and in addition a fine not to exceed $10,000.

The charge to the jury also contained an instruction regarding the law of parole:

> The length of time for which a defendant is imprisoned may be reduced by the award of parole.

7

Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, the Defendant will not be eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law might be applied to this Defendant if sentenced to a term of imprisonment, because the application of that law will depend on decisions made by parole authorities.

You may consider the existence of the parole law. You are not to consider the manner in which the parole law may be applied to this particular Defendant.

At the charge conference, Broderick objected to the inclusion of the parole language. Broderick objected on the basis that the jury had not made an affirmative finding of a deadly weapon and requested that the parole language under Texas Code of Criminal Procedure article 37.07, section 4(b) be included in the jury charge. The trial court overruled Broderick's objection.

The jury's verdict stated:

We, the jury, having found the Defendant guilty of the offense of Unlawful Possession of a Firearm by a Felon, as charged in the indictment, do further find beyond a reasonable doubt that two or more of the allegations in the Enhancement Notice are TRUE, and we assess his punishment as confinement in the Texas Department of Criminal Justice – Institutional division for a term of 25 yrs. In addition, we assess a fine of $0 ($0-$10,000).

8

The judgment reflected that there was a finding of "true" on the first enhancement paragraph and a finding of "true" on the second enhancement paragraph. Additionally, the judgment reflected an affirmative finding of a deadly weapon, namely a firearm.

Deadly Weapon Finding

In his first issue, Broderick complains that the evidence is insufficient to support the trial court's affirmative finding of a deadly weapon. Broderick argues that because the indictment does not allege the "use" of a deadly weapon per se and no special issues concerning his "use" of a deadly weapon were submitted to the jury, it was error for the trial court to enter a finding of the use of a deadly weapon in connection with that offense. The State agrees that the deadly weapon finding was improper and should be deleted from the judgment.

The Texas Code of Criminal Procedure "authorizes a deadly weapon finding upon sufficient evidence that a defendant 'used or exhibited' a deadly weapon during the commission of or flight from a felony offense[.]" *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). A trial court is required to enter a jury's affirmative deadly weapon finding in the judgment. *See* Tex. Code Crim. Proc. Ann. arts. 42.01, § 1(21), 42A.054(c), (d). "To hold evidence legally sufficient to sustain a deadly weapon finding, the evidence must demonstrate that (1) the object meets the statutory definition of a dangerous weapon; … (2) the deadly weapon was used

or exhibited 'during the transaction from which' the felony conviction was obtained; … and (3) that other people were put in actual danger." *Drichas*, 175 S.W.3d at 798 (internal citations omitted).

"It is very well-settled that a defendant is entitled to notice in some form that the State intends to pursue the entry of an affirmative finding of the use or exhibition of a deadly weapon." *Narron v. State*, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992). "Notice can be sufficiently provided by the language in an indictment that specifically mentions a particular object or substance and its use with respect to death or serious bodily injury." *Id.* A firearm is a deadly weapon per se. *See* Tex. Penal Code Ann. § 1.07(a)(17)(A).

An "affirmative finding" means "the trier of fact's *express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense." *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985) (emphasis added). There are three different ways in which a court can determine that the trier of fact actually made an affirmative finding of a deadly weapon: (1) the indictment specifically alleged a "deadly weapon" was used (using the words "deadly weapon") and the defendant was found guilty "as charged in the indictment;" (2) the indictment did not use the words "deadly weapon" but alleged use of a deadly weapon *per se* (such as a firearm); or (3) the jury made an express finding of fact of use of a deadly weapon in response to submission of a special issue

10

during the punishment stage of trial. *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016) (citing *Polk*, 693 S.W.2d at 396). Here, the indictment alleged a deadly weapon *per se* as it alleged that Broderick intentionally, knowingly, and recklessly possessed a "firearm" and the jury found the defendant guilty "as charged in the indictment." Therefore, Broderick's and the State's assertion that the deadly weapon finding was improper because the jury did not make a finding of a deadly weapon is incorrect. However, our analysis does not end here.

The "use" of a deadly weapon finding in the context of an affirmative deadly weapon finding includes simple possession if such possession facilitates the associated felony. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989); *see Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995). In other words, an affirmative deadly weapon finding will not be supported where the crime is mere possession, as opposed to possession that facilitates the commission of a separate and distinct felony. *Narron*, 835 S.W.2d at 644; *Ex parte Petty*, 833 S.W.2d 145, 145 (Tex. Crim. App. 1992). "[A] deadly weapon finding for a felony offense must contain some facilitation connection between the weapon and the felony. The deadly weapon must, in some manner, help facilitate the commission of the felony." *Plummer v. State*, 410 S.W.3d 855, 865 (Tex. Crim. App. 2013). To that end, the weapon must "increase the risk of harm," "otherwise contribute to the result," or play a role in "enabling, continuing, or enhancing" the associated felony. *Id.*

11

In this instance, we conclude that Broderick did more than merely possess a prohibited weapon. Here, the State charged Broderick with a separate felony based on his conduct – aggravated assault. While in possession of the prohibited weapon, the evidence establishes that he used or exhibited the gun while unlawfully possessing it. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(b). Broderick shot the prohibited weapon and shot the victim in the right arm. The victim had a bullet hole in his right arm and a large gash under his right eye, consistent with his description of being hit in the face with a gun. Video surveillance footage showed Broderick approaching the victim with a gun drawn and chambering a round.

This case is distinguishable from *Narron* and *Petty*, where the trial courts entered the deadly weapon finding based on "mere possession." *See Narron*, 835 S.W.2d at 644; *Petty*, 833 S.W.2d at 145-46. Here, Broderick employed, wielded and shot the deadly weapon while unlawfully possessing it. Therefore, the evidence established more than "mere possession" of the firearm. *Compare Benton v. State*, No. 05-21-00806-CR, 2023 WL 2300542, at *1 (Tex. App.—Dallas Mar. 1, 2023, no pet.) (mem. op., not designated for publication) (deadly weapon finding upheld where evidence established defendant fired gun in residential neighborhood), *Collins v. State*, No. 07-24-00151-CR, 2025 WL 1243906, at *1 (Tex. App.—Amarillo Apr. 29, 2025, pet. granted) (mem. op., no designated for publication) (deadly weapon finding upheld where evidence showed defendant fired a weapon at least twenty

12

times over a highway), *and Nelson v. State*, No. 10-19-00082-CR, 2020 WL 1182235, at \*4 (Tex. App.—Waco Mar. 11, 2020, no pet.) (mem. op., not designated for publication) (deadly weapon finding upheld where evidence showed defendant pulled out the gun when stopped by a trooper, laid the gun on his chest with it pointed at the passenger side window, and used the gun in shooting at a state trooper), *with Medina v. State*, No. 13-23-00198-CR, 2024 WL 4784394, at \*3 (Tex. App.—Corpus Christi Nov. 14, 2024, no pet.) (mem. op., not designated for publication) (deadly weapon finding deleted from judgment where evidence did not show firearm was used to facilitate another felony), *and Spencer v. State*, Nos. 05-11-01565-CR, 05-11-01566-CR, 2013 WL 1282307, at \*2 (Tex. App.—Dallas Mar. 6, 2023) (mem. op., not designated for publication) (deadly weapon finding deleted from judgment where evidence showed that a gun was found in defendant's car but defendant did not brandish the weapon as officers pursued him as he attempted to flee). We conclude the evidence is sufficient to support the affirmative finding that Broderick used a deadly weapon in the commission of the felony offense of unlawful possession of a firearm. *See Plummer*, 410 S.W.3d at 865; *see also Garner v. State*, 864 S.W.2d 92, 103 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). We overrule Broderick's first issue.

13

Parole Instruction

In his second issue, Broderick complains that in the punishment charge the trial court improperly instructed the jury regarding parole eligibility. Broderick argues that because the deadly weapon finding was not appropriate on the facts of this case, the jury should not have been instructed pursuant to Texas Code of Criminal Procedure article 37.07, section 4(a) and that the trial court should have instead instructed the jury pursuant to Texas Code of Criminal Procedure article 37.07, section 4(b). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a), (b).

We review a claim of alleged jury charge error using a two-step process in which we examine (1) whether error existed in the charge and (2) whether sufficient harm resulted from the error to require reversal. *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005) (en banc). Here, Broderick properly objected to the charge at trial, and therefore a jury charge error requires reversal if we find "some harm" to his rights. *See id.* at 743 (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). The *Almanza* standard requires that an appellant show actual, and not theoretical, harm from jury instruction error. *Ngo*, 175 S.W.3d at 750; *see also Cornet v. State*, 417 S.W.3d 446, 449 (Tex. Crim. App. 2013).

Where the jury assesses punishment and the judgment of conviction includes an affirmative finding of a deadly weapon, the Texas Code of Criminal Procedure

14

requires the trial court to include the instruction on parole eligibility in article 37.07, section 4(a), the language of which was tracked in the court's charge in this case. *See* Tex. Code Crim. Proc. Ann. arts. 37.07, § 4(a), 42A.054(c), (d). If prior convictions have been alleged for enhancement of punishment as provided by section 12.42(d) of the Penal Code, the trial court is required to give the parole-eligibility instruction set forth in section 4(b). *See id.* art. 37.07, § 4(b). Given our resolution in issue one – that the trial court properly made an affirmative finding of a deadly weapon – we cannot say that error existed in the jury charge, and contrary to Broderick's contention, section 4(a) is applicable. Because the trial court did not submit the wrong statutory parole instruction, we overrule Broderick's second issue.

Enhancements

In Broderick's third issue, he argues that the State failed to prove the offense dates for the enhancement paragraphs in the indictment and therefore the State could not prove the sequence of convictions. Moreover, he argues that the offenses alleged in paragraphs four, five, and six of the indictment are non-sequential felony convictions occurring on the same date. Because the jury found two of the paragraphs "true" but did not designate which two, Broderick argues if the jury found paragraphs four, five and six true, then the convictions were non-sequential, and punishment was incorrectly assessed.

15

In reviewing the sufficiency of the evidence to support a finding that an enhancement allegation is true, we consider all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have found the essential elements of the enhancement beyond a reasonable doubt. *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016). The sufficiency of the evidence to support an enhancement should be measured by the hypothetically correct jury charge for the enhancement, as defined by statute. *See Roberson v. State*, 420 S.W.3d 832, 841 (Tex. Crim. App. 2013); *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000).

An individual found guilty of an unenhanced unlawful possession of a firearm by a felon cannot be sentenced to more than ten years' imprisonment in the Texas Department of Criminal Justice. Tex. Penal Code Ann. § 12.34(a). However, if it is shown on the trial of a felony offense "that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final," then the punishment range is twenty-five to ninety-nine years. *Id.* § 12.42(d). To properly apply this habitual-offender statute to enhance Broderick's sentence, the State must have proven:

> (1) the first conviction became final; (2) the offense leading to a later conviction was committed; (3) the later conviction became final; and (4) the defendant subsequently committed the offense for which he presently stands accused.

16

*Hopkins v. State*, 487 S.W.3d 583, 586 (Tex. Crim. App. 2016); *Roberson*, 420 S.W.3d at 839; *Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008). Prima facie proof of a prior conviction is made by the introduction of the prior judgment and sentence. *Davy v. State*, 525 S.W.3d 745, 752 (Tex. App.—Amarillo 2017, pet. ref'd). If, as in this case, there is no affirmative evidence in the record showing a plea of "true" to the enhancement, the State is required to prove these elements beyond a reasonable doubt. *Wood*, 486 S.W.3d at 588.

When there is no evidence to show that the offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under section 12.42(d). *Roberson*, 420 S.W.3d at 839-40. In such a case, we must reverse the assessment of punishment and remand for a new punishment hearing, without conducting any harm analysis. *See Jordan*, 256 S.W.3d at 290-93. But here, the record reflects that the sequence of the alleged prior convictions did indeed occur in the required order. For example, the offense for first punishment enhancement was committed on March 12, 1981, and the conviction became final on May 5, 1983. The offense for the second punishment enhancement was committed on November 1, 1986, after the first conviction became final, and the second conviction became final on March 24, 1987. Both convictions were final before the commission of the instant offense on April 24, 2022. Broderick's complaint that the State did not prove the offense dates of the prior convictions is without merit because each of the State's

exhibits showing the prior convictions contains an offense date, and each such date was after the conviction of the previous offense became final.

Broderick also complains that "[t]he jury charge should have required the jury to state which enhancement paragraphs it found 'true'" and that it cannot be determined whether the judgment comports with the jury's findings because the judgment states that the first and second enhancement paragraphs were found "true." However, Broderick does not support his argument with appropriate citations to any authorities and does not adequately explain how his complained of error resulted in harm. *See* Tex. R. App. P. 38.1. Where, as here, a party fails to adequately brief a complaint, the complaint is waived on appeal. *See Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). That said, "The law is that, when a general verdict is returned and the evidence is sufficient to support a finding under any of the paragraphs submitted, the verdict will be applied to the paragraph finding support in the facts." *Manrique v. State*, 994 S.W.2d 640, 642 (Tex. Crim. App. 1999) (citing *Aguirre v. State*, 732 S.W.2d 320 (Tex. Crim. App. 1982)). Here, the jury was instructed that it "must be unanimous as to which allegations in the Enhancement Notice [it found] 'True' beyond a reasonable doubt, if any[,]" and the evidence is sufficient to support the jury's general verdict that two or more of the enhancement paragraphs are true. Therefore, it matters not which two (or more) paragraphs were found by the jury to have been true, nor was it error for the trial court to ask the jury

to return a general verdict. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) ("The verdict in every criminal action must be general.").

We overrule Broderick's third issue. However, in doing so, we note that the judgment references only the first and second enhancement paragraphs, implies that Broderick pleaded "Not True" to both, and recites that both were found to have been true. In fact, there were seven enhancement paragraphs, Broderick pleaded "Not True" to each, and the jury found two or more to be true. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Therefore, we modify the judgment to delete its references to "1st Enhancement Paragraph" and "2nd Enhancement Paragraph" and to reflect that "Broderick pleaded 'Not True' to Enhancement Paragraphs (1) through (7)" and that "Two or more of Enhancement Paragraphs (1) through (7) were found to be 'True.'"

Conclusion

Having overruled each of Broderick's issues, we affirm the judgment of the trial court as modified herein.

AFFIRMED AS MODIFIED.

KENT CHAMBERS
Justice

Submitted on December 29, 2025
Opinion Delivered February 11, 2026
Do Not Publish
Before Golemon, C.J., Wright and Chambers, JJ.

19